FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 24  PM 4: 44

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HURSHELL HATCHER** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-0377** |
| **COLONIAL PENN LIFE INS. CO., ET AL** | * | **SECTION "L"(4)** |

## ORDER AND REASONS

Before the Court is the Plaintiff's Motion to Remand the above-captioned matter to the Civil District Court for the Parish of Orleans, State of Louisiana.  The motion came for hearing on July 1, 2005 without oral argument.  For the following reasons, Plaintiff's Motion to Remand is GRANTED.

### I.  Factual and Procedural Background

This case arises from an alleged breach of an annuity contract by Defendants Colonial Penn Life Insurance Company and Conseco Services, L.L.C. ("Defendants").  On January 5, 2005, Plaintiff Hurschell Hatcher ("Plaintiff") filed the Petition (or Complaint) in the Civil District Court for the Parish of Orleans, Louisiana, and alleged that Defendants had breached an annuity contract by paying out only $15,000.00 of $67,500.00 owed to him.  Plaintiff sought $52,500.00 in damages, plus attorney's fees, legal interest, costs, and all other just and equitable relief.

On February 11, 2005, Defendants Colonial Penn Life Insurance Company and Conseco Services, L.L.C. ("Defendants") timely removed the action to this Court and predicated federal jurisdiction upon the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. Defendants alleged that the parties were in complete diversity and that it was "facially apparent"

___ Fee_____
___ Process_____
X   Dktd_____
___ CtRmDep_____
___ Doc. No._____

that the amount in controversy was greater than $75,000.00.  Although Plaintiff's damage request

was only $52,500, Defendants argued that attorney's fees, just and equitable relief, and statutory

penalties (which were not included in Plaintiff's complaint) totaled more than $75,000.00.  In

particular, Defendants contend that Plaintiff may be entitled to statutory penalties if the annuity

contract is defined as insurance under the Louisiana Insurance Code, La. R.S. 22:6(17).  If these

potential penalties are taken into account, Defendants argue that the amount in controversy

clearly exceeds $75,000.

On May 16, 2005, Plaintiff filed the present Motion to Remand, arguing that it is  facially

apparent from Plaintiff's Petition that the amount in controversy is less than $75,000.  In support

of Plaintiff's motion, Plaintiffs' counsel and Plaintiff have filed binding and irrevocable

stipulations stating that the amount of damages in this case will not exceed $75,000, and that, if a

judgment is returned in excess of $75,000, Plaintiff will refuse to execute on the amount

exceeding $75,000.[1]

## II.  Plaintiff's Motion to Remand

In support of his Motion to Remand, Plaintiff points to the April 6, 2005 Order of this

Court, which indicated that a March 23, 2005 preliminary conference with Plaintiff's and

Defendant's counsel had revealed that the amount in controversy was less than $75,000. Plaintiff

contends that diversity subject matter jurisdiction under 28 U.S.C. § 1332 is therefore destroyed,

and that under 28 U.S.C. § 1447 the case should be remanded.

Plaintiff concedes that the motion is untimely.  A motion to remand must normally be

---

[1] The Court received a faxed version of this document in August 2005.  Due to the interruptions caused by Hurricane Katrina, counsel did not present the original, signed document to the Court until January 5, 2006.

2

brought within thirty days of the initial removal.  Moreover, the April 6 order of the Court

required Plaintiff to file the motion for remand within fifteen days.  Plaintiff's counsel claims to

have experienced "secretarial problems" and requests the court to consider the motion in the

interest of justice.  Plaintiff also points to 28 U.S.C. § 1447(c), which distinguishes between

motions for remand based on lack of subject matter jurisdiction and motions for remand based on

any other defect.  For the latter, motions must be made within thirty days of removal.  For lack of

subject matter jurisdiction, cases "shall be remanded" at "any time before final judgment."  28

U.S.C. § 1447(c).

Defendants oppose Plaintiff's motion to remand on two grounds.  First, Defendants assert

that it is "facially apparent" that the amount allegedly owed to Plaintiff under the annuity,

combined with attorney's fees, just and equitable relief, and possible statutory penalties, exceeds

$75,000.  Second, Defendants contend that they did not stipulate that the amount in controversy

was less than $75,000 at the March 23 early status conference.

Defendants further argue that the stipulation signed by Plaintiff is facially lacking and

was improperly filed.  Moreover, Defendants claim that any stipulation must be filed with the

initial petition – any stipulation made after removal is irrelevant.

## III.  Law and Discussion

28 U.S.C. 1332 provides that a district court shall have jurisdiction of any civil action in

which the parties are of completely diverse citizenship and the matter in controversy exceeds

$75,000, exclusive of interest and costs.  In Louisiana state court, plaintiffs are prohibited from

pleading specific dollar amounts of damages in their petitions for relief.  La. Code Civ. Proc. art.

893.  When a complaint or petition contains no specific amount of damages, defendants seeking

removal to federal court have the burden to establish the requisite amount in controversy by a preponderance of the evidence. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Defendants may establish the amount in controversy in one of two ways: 1) by demonstrating that it is facially apparent that the claims exceed $75,000, or 2) "by setting forth facts in controversy– preferably in the removal petition, but sometimes by affidavit– that support a finding of the requisite amount." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (emphasis added), *citing Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

It appears from the face of the petition that the amount in controversy in this matter does not exceed $75,000. Plaintiff only requests $52,500 in damages, although he additionally requests attorneys' fees, costs, and legal interest. However, even if the amount in controversy is not facially apparent from the Petition, Plaintiff's binding stipulation is sufficient to warrant remand of this case. Contrary to Defendants' position, the stipulation merely clarifies the amount in controversy at the time of removal, and does not change Plaintiff's initial damage request.

**IV. Conclusion**

IT IS ORDERED that the attached stipulation, signed by the Plaintiff, be filed into the record of this proceeding. For the above-stated reasons, Plaintiff's Motion to Remand is GRANTED. IT IS ORDERED that the case be remanded to the Civil District Court, Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this <u>19th</u> day of January, 2006.

United States District Judge

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

HURSHELL HATCHER                          CIVIL ACTION NO.: 05-377

VERSUS

                                          JUDGE: Section L
COLONIAL PENN ANNUITY AND
LIFE INSURANCE COMPANY AND
CONSECO SERVICES, L.L.C.                   MAGISTRATE: 4

**************************

HURSHELL HATCHER            SUIT NO. 05-162  DIVISION "F-10"

                            CIVIL DISTRICT COURT
VERSUS

COLONIAL PENN ANNUITY AND   PARISH OF ORLEANS
LIFE INSURANCE COMPANY AND
CONSECO SERVICES, L.L.C.    STATE OF LOUISIANA

## BINDING AND IRREVOCABLE STIPULATION

NOW INTO COURT, comes plaintiff, Hurshell Hatcher (Hatcher) and his attorney of record, Mr. Anthony S. Taormina, who herein submit the following binding and irrevocable stipulation:

1.

On January 5, 2005, Hatcher filed a petition for breach of contract against Colonial Penn Annuity and Life Insurance

1

639223-1

Company and Conseco Services, L.L.C.(collectively Conseco) in the matter styled "*Hurshell Hatcher v. Colonial Penn Annuity and Life Insurance Company and Conseco Services, L.L.C.*", Suit No. 05-162, Division "F-10", Civil District Court, Parish of Orleans.

2.

On February 11, 2005, Conseco removed the matter to United States District Court, Eastern District of Louisiana.

3.

Plaintiff hereby stipulates that he has performed an evaluation of his injuries, damages, causes of action and claims arising out of the incident described in his petition, and that he does not have any injuries, damages, causes of action or claims which exceed $75,000 in value, exclusive of interest and costs.

4.

Plaintiff hereby stipulates that he will neither seek nor accept an award of damages in excess of $75,000, exclusive of interest and costs, for any or all injuries, damages, claims or causes of action alleged in his petition, or for any or all injuries, damages, claims, or causes of action, whether known or unknown at the time of this binding irrevocable stipulation was executed, arising out of or in any way connected which the incident that forms the basis of the captioned lawsuit.

2

639223-1

5.

Plaintiff further agrees that this stipulation is binding and irrevocable in federal and state court, that its terms and conditions will be binding and irrevocable for the life of the captioned litigation, and that it shall be applicable to these proceedings in state court, Suit No. 05-162, Division "F-10".

6.

Plaintiff further stipulates that he has read and understands the forgoing binding and irrevocable stipulation, has had an opportunity to discuss its provisions with legal counsel, and voluntarily enters into this binding and irrevocable stipulation of his own free will.

Respectfully Submitted:

LAW OFFICES OF ANTHONY S. TAORMINA

ANTHONY S. TAORMINA (#12652)
3005 HARVARD AVENUE, SUTIE 100
METAIRIE, LOUISIANA  70006
TELEPHONE: (504) 455-3000

*Attorneys for Hurshell Hatcher*

WITNESS                              HURSHELL HATCHER

WITNESS

NOTARY PUBLIC #4966

MY COMMISSION EXPIRES      death.

3                                                       639223-1